IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICKY JONES #467964,** | ) |
| Plaintiff, | ) ) ) |
| | ) NO. 3:24-CV-00880 |
| v. | ) ) |
| **CITY OF JACKSON**, *et al.*, | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ricky Jones, an inmate of the Lois DeBerry Special Needs Facility in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendants City of Jackson and County of Madison, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 2) and a Motion to Appoint Counsel (Doc. No. 3). The Court must first resolve the matter of the filing fee.

### I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

1

prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Lois DeBerry Special Needs Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his

present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO APPOINT COUNSEL

Regarding Plaintiff's request for the appointment of counsel, the Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he is indigent, he cannot afford to hire an attorney, and he is not versed in the law. (Doc. No. 3 at PageID# 33). Plaintiff's circumstances are typical to most pro se prisoner litigants. The Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED.**

The Court now moves to the required screening of the pro se prisoner complaint.

## III. PLRA SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v.*

4

*Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. <u>FACTS ALLEGED IN THE COMPLAINT</u>

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On May 18, 2024, Plaintiff wrote a letter to Judge Joseph T. Howell about acquiring Plaintiff's trial transcripts. The complaint alleges that Judge Howell "arbitrarily, capriciously, or unprogessivly [sic] deprived Mr. Jones when he declined to reply." (Doc. No. 1 at PageID# 7). The complaint states that Plaintiff demands relief against Judge Howell's "respondeat superiors – (the City of Jackson and County of Madison, State of Tennessee)." (*Id.*)

D. <u>ANALYSIS</u>

The complaint alleges Section 1983 claims against two Defendants: the County of Madison, Tennessee, and the City of Jackson, Tennessee. (Doc. No. 1 at PageID# 6).

Local governments such as Defendants "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4)

5

the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of respondeat superior has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, Plaintiff has not alleged any facts from which the Court could conclude that an official policy or custom of Madison County or the City of Jackson resulted in a violation of his constitutional rights. The complaint does not refer to any official policies or customs. And Plaintiff cannot rely on the theory of respondeat superior. Liability attaches only if Defendants' policies are shown to be the "moving force" behind Plaintiff's' injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff has made no such showing. Consequently, the Court finds that the complaint fails to state a municipal liability claim under Section 1983 against both Defendants. Those claims will be dismissed.

### IV. CONCLUSION

In summary, Plaintiff will be permitted to proceed as a pauper in this case. His Motion for the Appoint of Counsel (Doc. No. 3) is **DENIED**.

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state colorable claims under Section 1983 against the two named Defendants. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

6

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE